## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

**NAQUONE TAYLOR**, individually,

Case No. _____

**Plaintiff,**

**v.**

**235-241 BUSHWICK AVENUE REALTY CORP.**, a New York for Profit business entity,

**Defendant.**

_____

## COMPLAINT

Plaintiff, NAQUONE TAYLOR, individually, by and through the undersigned counsel, and in accordance with the Federal Rules of Civil Procedure and all other applicable rules, statutes, regulations, and governing legal authorities, hereby files the instant Complaint against Defendant 235-241 235-241 BUSHWICK AVENUE REALTY CORP. for violations of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*.

### Jurisdictional Allegations

1. This is an action for injunctive relief for violations of the Americans with Disabilities Act (hereinafter "ADA") entitling Plaintiff to attorneys' fees,

litigation expenses and costs expended in pursuing this action in accordance with 28 U.S.C. § 12181 *et seq.*

2.    Defendant 235-241 BUSHWICK AVENUE REALTY CORP. is the owner of property located at 241 Bushwick Avenue, Brooklyn, New York 11206 in Kings County, on which it permits DANNY'S PIZZA 8 to operate an establishment defined as a "place of public accommodation." *See* 28 CFR 36.201(a). Said establishment is located at 203 Allen Street, New York, NY 10002, in Kings County, New York.

3.    Plaintiff NAQUONE TAYLOR (hereinafter "TAYLOR" or "Plaintiff TAYLOR") is a thirty-two (32) year old young man living in Brooklyn, New York, is sui juris, and qualifies as an individual with a disability as defined by the ADA.

4.    Plaintiff TAYLOR suffers from Amyotrophic Lateral Sclerosis, which is also known as Lou Gehrig's disease.

5.    Amyotrophic Lateral Sclerosis is a progressive nervous system disease that weakens all muscles throughout the body impacting physical functioning.

6.    Since TAYLOR's diagnosis in 2013, TAYLOR has lost all use of his legs. As Amyotrophic Lateral Sclerosis has no known cure, TAYLOR is permanently confined to wheelchair with no hope of rehabilitation.

7.    Prior to his diagnosis, Plaintiff TAYLOR had been married and fathered children, all of whom live in New York.

8.    Although Plaintiff TAYLOR commutes principally using the MTA/New York City Transit Bus System or special transportation services, TAYLOR also receives assistance from his family, all of whom live and work nearby.

9.    This Court has original jurisdiction over claims arising under Title III of the Americans with Disabilities Act (*see* 42 U.S.C. § 12181 *et seq.*; 28 U.S.C. §§ 2201-2202) pursuant to 28 U.S.C. §§ 1331 and 1343.

10.   Venue properly lies in the Southern District of New York as it is the federal judicial district where the property is located on which the violative establishment is conducting business.

## ADA: Lack of Reasonable Accommodations at Danny's Pizza 8

11.   The ADA prohibits discrimination on the basis of disability by guaranteeing reasonable accommodations are provided for individuals with disabilities. As the owner of the Property and as an operator of a "place of public accommodation," Defendant 235-241 BUSHWICK AVENUE REALTY CORP. is responsible for ensuring compliance with the ADA and the 2004 ADA/ABA Accessibility Guidelines for Buildings and Facilities (36 CFR Part 1191, Appendices B and C) along with 28 CFR Part 36, Subpart D, the New

Construction and Alterations portion of Title III (hereinafter referred to collectively as the "2010 Standards" or "Accessibility Standards").

12. More specifically, Plaintiff is being deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public and Plaintiff is further deterred and discouraged from additional travel due to Defendant ongoing non-compliance with the ADA.

13. For example, the existing ramp leading into Danny's Pizza 8 creates a dangerous hazard for Plaintiff TAYLOR in his wheelchair as it fails to comply with Accessibility Standards.

14. A preliminary inspection of 235-241 BUSHWICK AVENUE REALTY CORP. discloses that the following barriers to access exist thus effectively discriminating against Plaintiff as a disabled individual:

   a.   Non-compliant existing ramp located at entrance door acts as a barrier making entrance inaccessible;

   b.   Non-compliant slope of existing ramp exceeds maximum slope allowance in violation of Accessibility Standards;

   c.   Required compliant landing not provided at top of existing ramp making ramp dangerous;

   d.   Required minimum maneuvering clearance not provided at entrance door;

e.   Inaccessible service counter as height of service counter exceeds maximum height allowance;

f.   Inaccessible dining tables as required minimum floor space allowing a forward approach not provided at dining tables;

g.   Required minimum knee and toe clearance not provided at dining tables;

h.   Inaccessible path of travel to restroom as required minimum clear width not provided making restroom inaccessible;

i.   Required minimum maneuvering clearance not provided at exterior/entry side of restroom door;

j.   Required minimum clear width not provided at restroom door opening;

k.   Non-compliant door knob at restroom door requires twisting of the wrist in violation of Accessibility Designation Standards;

l.   Required minimum maneuvering clearance not provided at interior/exit side of restroom door;

m.   Restroom door swings into the floor space of both the lavatory and water closet making lavatory and water closet inaccessible;

n.   Required minimum turning space not provided in restroom;

o.    Non-compliant height of light switch and hand dryer in restroom exceed maximum height allowance;

p.    Inaccessible lavatory as required minimum clear floor space not provided at lavatory;

q.    Non-compliant faucet knobs at lavatory require twisting of the wrist in violation of Accessibility Designation Standards;

r.    Required insulation of water pipes under lavatory not provided;

s.    Inaccessible water closet as required minimum clear floor space not provided at water closet;

t.    Required grab bars not provided at rear and side walls of water closet;

u.    Water closet improperly positioned from side wall making it inaccessible;

15.    The above-listed discriminatory violations are not an exhaustive list of all ADA violations on the property. Plaintiff requires an inspection of Defendant's place of public accommodation in order to identify, photograph and measure all of the barriers to access that constitute discriminatory acts in violation of the ADA.

16.    Notice to Defendant prior to initiating suit is not mandated by the ADA. All other conditions precedent to filing suit are satisfied or are waived by Defendant. Defendant's violations of the ADA have been ongoing despite the

ADA mandating compliance by no later than January 26, 1992 (or January 26, 1993).

### Injunctive Relief Is Necessary to Prevent Future Discrimination

17.  Plaintiff frequently visits the area where Defendant-Operator's business is located. Plaintiff visited 235-241 BUSHWICK AVENUE REALTY CORP. and has suffered discrimination on the basis of his disability.

18.  Plaintiff plans on returning to 235-241 BUSHWICK AVENUE REALTY CORP. to avail himself of the good and services offered to the public thereon, and to determine whether the property has been made ADA compliant.

19.  The present violations at Defendant's facility create a hazard to Plaintiff's safety. The violations also infringe upon Plaintiff's right to travel free of discrimination causing Plaintiff harm in the form of suffering frustration, shame and humiliation as a result of Defendant's discriminatory practices or non-compliant facilities.

20.  As the violations at Defendant's facility are ongoing, it would be a futile gesture for Plaintiff to return to the property so long as the above listed violations exist. Plaintiff returning to the property prior to all above violations being remedied will only further subject Plaintiff to discrimination and threaten Plaintiff's physical safety and well-being.

## COUNT I: INJUNCTIVE RELIEF (AGAINST 235-241 BUSHWICK AVENUE REALTY CORP.)

21.    Plaintiff reasserts and incorporates the allegations set forth in paragraphs 1 through 22 above as if set forth specifically herein.

22.    Defendant 235-241 BUSHWICK AVENUE REALTY CORP. operates a place of public accommodation on Defendant _____'s Property with discriminatory conditions in violation of Plaintiff's rights pursuant to the ADA.

23.    Plaintiff, and all other individuals similarly situated, have been denied access to and have been denied the benefits of services, programs and activities at the Defendant's establishment and facilities as a result of the ADA violations set forth herein in paragraph 16 in violation of 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*.

24.    Defendant continues to discriminate against Plaintiff and those similarly situated by failing to make reasonable modifications in policies, practices and/or procedures when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages and/or accommodations to individuals with disabilities; and by failing to take such steps or efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

25.   Plaintiff is suffering true and actual harm by Defendant 235-241 BUSHWICK AVENUE REALTY CORP. operating a place of public accommodation. Defendant's discriminatory practices create the potential for and/or cause Plaintiff physical harm and they contribute to Plaintiff's sense of isolation and segregation thereby depriving Plaintiff of the full, fair and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

26.   Plaintiff, and all others similarly situated, have and will continue to suffer irreparable injury and damage without the immediate relief provided by the ADA and requested herein. Plaintiff is without any adequate remedy and law.

27.   The undersigned has been retained by Plaintiff to pursue Plaintiff's rights as an individual suffering with a "disability" as defined by the ADA and Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

28.   This tribunal is vested with authority to grant Plaintiff Injunctive Relief pursuant to 42 USC § 12188 for Defendant's ADA violations, including but not limited to issuing an order requiring Defendant to alter the subject property so as to make the facilities readily accessible and usable by Plaintiff and other persons with disabilities as defined by the ADA or by closing the facility until

such time as Defendant cure all ADA violations impeding disabled individuals from exercising their equal rights in accordance with the ADA.

**WHEREFORE**, Plaintiff prays for and respectfully requests the Court order the following relief:

a.  Injunctive relief against Defendant, including: an order to make all readily achievable alterations to the facility or to make the facility readily accessible to and usable by individuals with disabilities to the extent mandated by the ADA; to require Defendant to make reasonable modifications in policies, practices and/or procedures when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, and; by failing to cure their ADA violations Defendant is failing to take the steps necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

b.  award reasonable attorneys' fees, costs and litigation expenses in accordance with 42 USC § 12205;

      c.     any other relief this Court deems just and proper and/or is otherwise allowable under Title II of the ADA.

**COUNT II: INJUNCTIVE RELIEF (AGAINST _____)**

29.    Plaintiff reasserts and incorporates the allegations set forth in paragraphs 1 through 22 above as if set forth specifically herein.

30.    Defendant _____ owns commercial real property on which it is permitting Defendant _____ to operate a place of public accommodation with discriminatory conditions in violation of Plaintiff's rights pursuant to the ADA.

31.    Plaintiff, and all other individuals similarly situated, have been denied access to and have been denied the benefits of services, programs and activities at the Defendant's building,  property, and facilities as a result of the ADA violations set forth herein in paragraph 16 in violation of 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*

32.    Defendant continues to discriminate against Plaintiff and those similarly situated by failing to make reasonable modifications in the physical structure so as to permit compliance with Title III of the ADA.

33.    Structural modifications are necessary to eliminate architectural barriers set forth herein, which are necessary to ensure that no individual with a disability

is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

34.   Permitting a place of public accommodation to operate in violation of the ADA is causing Plaintiff to suffer true and actual harm. The architectural barriers create the potential for and/or cause Plaintiff physical harm and the contribute to Plaintiff's sense of isolation and segregation thereby depriving Plaintiff of the full, fair and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

35.   Plaintiff, and all others similarly situated, have and will continue to suffer irreparable injury and damage without the immediate relief provided by the ADA and requested herein. Plaintiff is without any adequate remedy and law.

36.   The undersigned has been retained by Plaintiff to pursue Plaintiff's rights as an individual suffering with a "disability" as defined by the ADA and Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

37.   This tribunal is vested with authority to grant Plaintiff Injunctive Relief pursuant to 42 USC § 12188 for Defendant's ADA violations, including but not limited to issuing an order requiring Defendant to alter the subject property so as to make the facilities readily accessible and usable by Plaintiff and other persons with disabilities as defined by the ADA or by closing the facility until

such time as Defendant cures all ADA violations impeding disabled individuals from exercising their equal rights in accordance with the ADA.

**WHEREFORE**, Plaintiff prays for and respectfully requests the Court order the following relief:

a.     Injunctive relief against Defendant, including: an order to make all readily achievable alterations to the facility or to make the facility readily accessible to and usable by individuals with disabilities to the extent mandated by the ADA; by failing to cure the ADA violations Defendant is failing to take the steps necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

b.     award reasonable attorneys' fees, costs and litigation expenses in accordance with 42 USC § 12205;

c.     any other relief this Court deems just and proper and/or is otherwise allowable under Title II of the ADA.

## COUNT III: DECLARATORY JUDGMENT AS TO VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

38.   Title III of the Americans with Disabilities Act mandates that all places of public accommodation must provide any person with a disability equal access to the goods and services being offered to non-disabled individuals.

39.   At the time Plaintiff TAYLOR visited Defendant 235-241 BUSHWICK AVENUE REALTY CORP.'s establishment, Plaintiff could not reasonably access the goods and services otherwise available to able bodied individuals due to architectural barriers and other ADA violations (*see* 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*) set forth herein in paragraph 16.

40.   The undersigned has been retained by Plaintiff to pursue Plaintiff's rights as an individual suffering with a "disability" as defined by the ADA. Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

41.   At the time Plaintiff visited Defendant's property Defendant was in violation of Title III of the ADA and had denied Plaintiff reasonable access to the good and/or services being offered on their premises causing Plaintiff to retain the undersigned law firm.

42.   As a result of Defendant continuously violating of Title III of the ADA Plaintiff RIBEIRO has and is suffering actual harm in the form of personal injury, humiliation including a sense of isolation and segregation, all of which

are depriving Plaintiff of the full, fair and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

43. A declaration that Defendant is in violation of the ADA at the time Plaintiff suffered real and actual harm is necessary to ensure Plaintiff is compensated for the attorneys' fees expended to obtain Defendant(s) compliance with the law.

**WHEREFORE**, Plaintiff prays for and respectfully requests a Court order declaring that Defendant, at the time Plaintiff visited Defendant's property, were in violation of Title III of the ADA, 42 USC § 12181 *et seq.;* and, that as a result of architectural barriers, Plaintiff has been denied access to the goods and/or services offered on the subject property thereby discriminating against Plaintiff as an individual with a disability.

Respectfully submitted on July 5, 2015.

**By: /s/ Tara Demetriades**
Tara Demetriades, Esq.
New York Bar No. 4185666

**ADA Accessibility Associates**
1076 Wolver Hollow Road
Oyster Bay, New York 11771
E: TDemetriades@Aol.com
T: (516) 595-5009